Dear Abel Acosta. Clerk                                    9-23-15

RE: Jeffery Lee Manns   TR ct No C-396-010415-1213452-A
wr-17-562-04

Enclosed is a copy of my objection
To Be placed before The Court to Be
Considered. A copy has also Been mailed
To the clerk of Tarrant County

Thank You

_Jeff Manns_

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

17,562-04

| | | |
|---|---|---|
| EX PARTE | § | IN THE 396th JUDICIAL |
| | § | DISTRICT COURT OF |
| JEFFERY LEE MANNS | § | TARRANT COUNTY,TEXAS |

APPLICANT'S OBJECTION TO THE STATE'S MEMORANDUM,

FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

TO THE HONORABLE SAID COURT:

Comes now Jeffery Lee Manns,Applicant in the above number Habeas Corpus, files these objection to the adopts to the State's Findings of Facts and Conclusions of Law.

I.

The Applicant OBJECTS to the State's findings that this Court did not Abuse of Discretion.

After hearing the testimony of Charles Kent this Honorable Court had a duty to know the laws that applied to this type of case.

A citizen does not have the right to pursue and no court can extented that right. c.c.p.Art.14.01a applies to this case and the law is very clear on this so this court has adopted a controversy rule of law. The State is never going to admit it has done anything wrong even how they apply law. (See Williams v. State, 314 sw 3d 45,2010)

II.

The Applicant OBJECTS to the State's findings of fact on Prosecutorial Misconduct.

It is clear from the record that a Brady violation took place, the State knew about the GERBER KNIFE, it is why exhibit 11 was left open until Mr. Riddle walk it into court.

1.

## II. Cont.

The State admits that the Gerber Knife has NO CHAIN OF CUSTODY

(See Exhibit __1__ ₚₐ⁴ Copy of DNA Motion) State's Response to DNA No. 1213452D

This exhibit states that the GERBER KNIFE was not subject to

proper chain of custody.

Now the State in there findings of fact state that it was Mr.

Riddle who created a chain of custody. Mr. Riddle is not a law

enforcement officer,nor is his dinning room table a property

room. This is a controvery rule of law, the State led to the Court

and the Court has adopted this rule of law,the same for deadly

weapon,this Gerber Knife is not a deadly weapon, the law defines

a deadly weapon in the mannor of it's use. A car,hammer can be a

deadly weapon if it is used as one. This GERBER KNIFE is not one,

so the State is wrong inthere application of law. The fact that

Charles Kent admits he was not threaten prior to his pursue of

Mr. Manns mades c.c.p.Art.14.01a apply to this case and the State

knew this, so they have commented Prosecutorial Misconduct.


## III.

The Applicant OBJECTS to the State's findings of facts on

Inffective Assistance of Counsel.

The State in trying to justify this attorney lack of duty,has

push to the side of the road the law of the State of Texas.

First in order for a attorney to be effective he must know the

the facts of the case to included the law that applies to the case.

2.

In this case Lex Johnson knew the law but he did not use it to protect his client.

1. he knew that Charles Kent had made another Statement other than what he said on the stand.

He tryed to get him to read from it but he claims it is trial strategy not to put the one item that got his client indicted in the frist place into record after the State objects to the reading from this statement that would of shown that Charles Kent had lied to the police, when he told them that "Manns" threaten him with a nkife. This is not what he said on the stand, he said all he seen was someone exit the cab of the truck and take off running and he jump in behide them, chasing them with his truck and threatening them with a gun which by law is a felony. Now because of this statement c.c.p.Art.14.01a applies to this case a citizen does not have the right to pursue. The State would like for the court to believe that it can extented this right, but it can't, breaking and intering of a auto is a misdemeanor not a felony. As the State trys to claim that Charles kent seen "Manns" attempting to steal this truck. This is not what Charles Kent said at trial, he said he thought he was stealing parts or something. It was learned second to the illegal detention that "Manns" was going to steal the truck, not before.

2. Lex Johnson had a duty to objection to the Gerber Knife being inter the way it was, there was no chain of custody. Even he said to the jury the "We don't know where this knife came from", so why not objection, if you are protecting your client's rights then you would object to this knife being inter into the evidence of this trial, that would be trial strategy.

3.

## III. Cont.

If you don't know where something comes from then you object, this was taught to Lex Johnson in his first year of law school.

3. Their is much being hidden behide trial strategy, but for Lex Johnson not to correct the State's closing argument is unreasonable, it allowed the jury to leave with the wrong impression and it allowed the State to inter ject evidence that was outside the record. Their was no one stab. Even the DNA proven this, the ONLY DNA was Manns on the Kobolt knife, plus two unknown females. Where is Charles Kents DNA? Lex Johnson said he ask for DNA on the Kobolt knife because "Manns" had told him, it was not his. This statement makes no sence, where "Manns" told the police it was his and he was defending himself, this comes from the Fort Worth Police and the interview tape.

So how can this be trial strategy to not object to this kind of misstatement of the evidence, in light of the fact that he was trying to get Charles Kent to read from his origial statement to the police in the first place and now the State interject evidence, that was not in record and it is trial strategy not to object.

## CONCLUSION

The Applicate asks this Honorable Court of Criminal Appeals to review the record as a whole, and see for them selfs how the State took it upon it's self to misapply the law in this case and the convicting Court took it upon it self to adopte the State's Findings of Facts. Even though the laws of Texas say otherwise.

A citizen of the State of Texas does not have the right to pursue, c.c.p.Art.14.01a applies to this case. Chales Kent seen someone

4.

running away from the truck,he was not sure what was going on. So why didn't he call 911,no one knows this but Mr. Kent. What we do know is he chase after Manns with his truck and pulled a gun on Manns and threaten to shoot Manns, all of this happen while "Kent' still did not know what was going on. This is why a citizen does not have the right to pursue. "Kent" told police originally that Manns threaten him with the knife,but later change his story to what he testified to at trial. The FACT that he was NOT THREATEN PRIOR TO THE CHASE,means the laws that applied to the case changed.

These are some of the things the State does not want to include in there Findings and Facts. Because then they have to admit that there was no chain of custody on the Gerber Knife and they knew about it. They would also have to admit the trial counsel proformance fail below a reasonable standard. Lets face it we don't know where this knife comes from,the basic rule of law is to object to anything you don't know the facts about. This Gerber Knife was found the next day, it had no bearing on this case, until it was brought to court by Mr. Riddle because the State ask him to,so for the argument Lex Johnson was to have objected,this protected his client's basic rights. And he should of objected to the State's closing arguments,this Gerber Knife is not a deadly weapon, because this knife was found the next day closed and laying in the floor of the truck by Mr. Riddle, no one was stab with this knife. And DNA has prove no one was stab with the kobolt knife either. The Applicant objects to the adoption of the State's Findings of Facts, they are controversy and contrary to the laws of Texas.

5.

The Applicant believes that once this Honorable Court reviews record as a whole they will rule in his favor,and order a new trial, with instructions on lesser-offense,if anything He is is only guilty of attempted thift, which comes from breaking and intering of the truck which is a misdemeanor. The Truck Never Moved and Nothing Was Missing according to the owner. Attempt theft is Not Completed Unauthorized Use of motor vehicle

RESPECTFULLY SUBMITTED,

Jeffery Lee Manns
1697 fm 980 Ellis Unit
Huntsville,Texas 77343

## INMATE DECLARATION

I certify that the foregoing is true and correct to the best of my ability, Executed on this day 14 of the month September 2015.

Jeffery Lee Manns

NO. 1213452D

| | | |
|---|---|---|
| STATE | § | IN THE 396th JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| JEFFERY LEE MANNS | § | TARRANT COUNTY, TEXAS |

## STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The State proposes the following Memorandum, Findings of Fact and Conclusions of Law regarding Defendant's Motion for DNA Testing.

## MEMORANDUM

The defendant, JEFFERY LEE MANNS ("Defendant"), requests DNA testing of two knives. *See* Motion for DNA Testing ("Motion"), No. 1213452, p. 2-4.

In light of the evidence presented, the Court should consider the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

*Procedural History*

1. Defendant was convicted by a jury of the first degree felony offense of aggravated robbery with a deadly weapon, to-wit: a knife, on November 10, 2011. *See* State's Response, Attachment A: Judgment, No. 1213452D.

2. The trial court found the habitual offender notice true and sentenced Defendant to forty-five years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* State's Response, Attachment A.

3. The Second Court of Appeals affirmed the trial court's judgment on December 6, 2012. *See Manns v. State*, No. 02-11-00512-CR, 2012 WL 6049099 (Tex. App. – Fort Worth Dec. 6, 2012, pet. ref'd) (not designated for publication).

1



*Facts of the Case*

4. The Second Court of Appeals summarized the facts as follows:

Charles Kent, a vehicle repossession agent, was on his way to repossess a vehicle when he observed a 1977 Ford F–150 truck parked in a parking lot with its hood open and a man under the hood on the passenger side. After circling the block to investigate, Kent found the truck in the parking lot with the hood closed and no one around. He parked in the same parking lot to reroute his GPS and work on paperwork.

The driver's side door of the Ford truck flew open and a man, later identified as [Defendant], jumped out and took off running. Kent drove after [Defendant] and eventually cornered him near a building. Kent, a concealed handgun license holder, pointed his .38 revolver at [Defendant] and told him to "freeze." [Defendant] fled again, running back toward the Ford truck. [Defendant] fell down, and Kent got out of his vehicle, leaving his gun inside. He jumped on top of [Defendant], who struggled to get free. While on top of [Defendant], Kent felt a sharp pain in his stomach and looked down to see that [Defendant] had "stuck" a knife in his stomach. Kent hit [Defendant], who dropped the knife. Kent told [Defendant] that they should talk about things "like men," and [Defendant] sat up. Kent returned to his truck, got his gun, called police, and detained [Defendant] until police arrived.

When police arrived, they secured Kent's gun and recovered [Defendant]'s knife from the parking lot. The responding officers found the Ford truck with the hood ajar, with wires hanging down underneath the driver's side, and with its ignition pried open as if someone had tried to hotwire the truck. [Defendant] first told police that he was trying to get into the truck to sleep but later told them that he intended to hotwire the truck so that he could drive it to go collect a debt and then return the truck.

See *Manns v. State*, No. 02-11-00512-CR, 2012 WL 6049099 at *1.

5. Another knife ("Gerber knife") was found in the almost-stolen truck after the offense. [4 RR 87-89]

6. The Gerber knife was in possession of the vehicle owner until he handed it over in the middle of trial for admission into evidence. [4 RR 87-89, S.Ex. 11]

7. Defendant's DNA was found on the knife recovered from the scene of the offense ("Kobalt knife"). *See* Motion for DNA Testing ("Motion"), Exhibit 4: Report of Laboratory Examination, No. FR11-0031-A Supplemental; Motion, Exhibit 5: Report of Laboratory Examination, No. FR11-0031-A.

2

*Evidence Exists*

8. Pursuant to art. 64.02 of the Texas Code of Criminal Procedure, the State admits that evidence exists that might contain biological material. *See* State's Response, Attachment C: Vargas Affidavit; Tex. Code Crim. Proc. Ann. art. 64.02(2)(B) (West 2013).

9. The knives Defendant wants tested are available for DNA testing. *See* State's Response, Attachment C

*Appointment of Counsel*

10. Defendant filed his Motion on December 12, 2014. *See* Motion, p. 1.

11. Defendant requests appointment of counsel. *See* Motion, p. 3-4.

12. Defendant is indigent.

*Kobalt Knife*

Prior Testing

13. The knife found at the scene of the offense ("Kobalt knife") has already been subjected to DNA testing. *See* Motion, Exhibit 4: Report of Laboratory Examination, No. FR11-0031-A Supplemental; Motion, Exhibit 5: Report of Laboratory Examination, No. FR11-0031-A.

14. Defendant's DNA was found on the Kobalt knife. *See* Motion, Exhibit 4; Motion, Exhibit 5.

15. Defendant does not contest the accuracy of the 2011 DNA test results. *See* Motion, p. 3.

Identity

16. Defendant admits that he was the person involved in the offense. *See* Motion, p. 3. As

17. "Manns['] statement to the police was that Charles Kent could have bump[ed] up against the knife during their struggle and while he was throwing it away, so no one got hurt." *See* Motion, p. 3.

3

18.   Defendant's DNA was found on the Kobalt knife. *See* Motion, Exhibit 4; Motion, Exhibit 5.

19.   The identity of who "stuck" the victim with the Kobalt knife is not and was not at issue.

20.   Identity is not and was not at issue.

*Gerber Knife*

Chain of Custody

21.   The Gerber knife was not recovered by law enforcement. [4 RR 87-89; S.Ex. 11]

22.   The Gerber knife was in the possession of the owner of the vehicle and not handed over until he testified. [4 RR 87-89, S.Ex. 11]

23.   The Gerber knife was not secured in relation to the offense. [4 RR 87-89, S.Ex. 11]

24.   The Gerber knife was not in the possession of the state during the trial. [4 RR 87-89, S.Ex. 11]

25.   The Gerber knife was not subjected to proper chain of custody.

Exculpatory Results

26.   The Gerber knife was found inside the vehicle by the owner after the offense. [4 RR 87-89]

27.   Based on the facts of this case, the absence of Defendant's DNA would not prove that he did not attempt to steal the vehicle.

28.   Based on the facts of this case, the absence of Defendant's DNA would not prove that he did not threaten or place Charles Kent in fear of imminent bodily injury or death while attempting to obtain or maintain control of the vehicle.

29.   Based on the facts of this case, the absence of Defendant's DNA would not prove that Defendant did not use or exhibit a deadly weapon.

30.   Based on the facts of this case, the absence of Defendant's DNA on a knife found inside the vehicle would not disprove any element of the offense for which he was convicted. *See* State's Response, Attachment B: Indictment, No. 1213452D; Tex. Pen. Code §§29.02, 29.03.

4

31. Defendant has not shown, by a preponderance of the evidence, that he would not have been convicted had exculpatory results been obtained through DNA testing of the Gerber knife.

## CONCLUSIONS OF LAW

*Appointment of Counsel*

1. Defendant filed his request for appointment of counsel on December 12, 2014. *See* Request, p. 1.

2. Counsel is only required to be appointed "if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." Tex. Code Crim. Proc. Ann art. 64.01(c) (West 2013).

3. "(b) The motion may request forensic DNA testing only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:

   (1) was not previously subjected to DNA testing; or

   (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."

   Tex. Crim. Proc. Code Ann. art. 64.01(b) (West 2013).

4. The Gerber knife was not secured in relation to this offense.

5. The Gerber knife was not in possession of the state during the trial.

6. The Kobalt knife was subjected to prior DNA testing.

7. Because Defendant does not contest the accuracy of the 2011 DNA testing results, there is no reasonable likelihood that there are newer techniques that would provide more accurate and probative results.

8. Defendant's request for DNA testing of the Gerber knife and Kobalt knife do not meet the requirements of article 64.01 for a motion for DNA testing.

9. There are no reasonable grounds under article 64.01 for a motion to be filed.

5

10. "(a) A convicting court may order forensic DNA testing under this chapter only if:
    (1) the court finds that:
        (A) the evidence:
            (i) still exists and is in a condition making DNA testing possible; and
            (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
        (B) identity was or is an issue in the case; and
    (2) the convicted person establishes by a preponderance of the evidence that:
        (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
        (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.
    Tex. Code Crim. Proc. Ann. art. 64.03(a) (West 2013).

11. The Gerber knife has not been subjected to a proper chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect.

12. Defendant cannot show, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been through DNA testing of the Gerber knife.

13. Identity is not and was not at issue.

14. There are no reasonable grounds under article 64.03 for a motion to be filed.

15. No appointment of counsel is required. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c).

16. Defendant's Request for Appointment of Counsel is **DENIED**.


*Motion for DNA Testing*

Article 64.01

17. "(b) The motion may request forensic DNA testing only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:

    (1) was not previously subjected to DNA testing; or

    (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."

6

Tex. Crim. Proc. Code Ann. art. 64.01(b) (West 2013).

18. The Gerber knife was not secured in relation to this offense.

19. The Gerber knife was not in possession of the state during the trial.

20. The Kobalt knife was subjected to prior DNA testing.

21. Because Defendant does not contest the accuracy of the 2011 DNA testing results, there is no reasonable likelihood that there are newer techniques that would provide more accurate and probative results.

22. Defendant's request for DNA testing of the Gerber knife and Kobalt knife do not meet the requirements of article 64.01 for a motion for DNA testing.

23. Defendant's motion fails to meet the statutory requirements of article 64.01 of the Texas Code of Criminal Procedure.


Article 64.03

24. "(a) A convicting court may order forensic DNA testing under this chapter only if:
    (1) the court finds that:
        (A) the evidence:
            (i) still exists and is in a condition making DNA testing possible; and
            (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
        (B) identity was or is an issue in the case; and
    (2) the convicted person establishes by a preponderance of the evidence that:
        (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
        (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.
    Tex. Code Crim. Proc. Ann. art. 64.03(a) (West 2013).

25. The Gerber knife has not been subjected to a proper chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect.

26. Defendant cannot show, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been through DNA testing of the Gerber knife.

7

27. Identity is not and was not at issue.

28. Defendant's motion fails to meet the statutory requirements of article 64.03 of the Texas Code of Criminal Procedure.

29. Defendant's motion for DNA testing is **DENIED**.

WHEREFORE, the State prays that this Court adopt these Proposed Findings of Fact and Conclusions of Law and **DENY** the Defendant's Motion for DNA Testing.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone: 817/884-1687
Facsimile:     817/884-1672

## CERTIFICATE OF SERVICE

A true copy of the above reply has been mailed to Defendant, Mr. Jeffery Manns, TDCJ-ID# 1751637, Ellis Unit, 1697 FM 980, Huntsville, Texas 77343 on or before the 10th day of March, 2015.

Andréa Jacobs

8